**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

JANICE WILLIAMS, ET AL                    CIVIL ACTION NO. 5:08-cv-0772

VERSUS                                    JUDGE S. MAURICE HICKS, JR.

DAVID GAITSCH, ET AL                      MAGISTRATE JUDGE HORNSBY

## MEMORANDUM ORDER

Before this Court is a Motion in Limine [Record Document 76] filed on behalf by

Plaintiffs, Janice and Brian Williams.  The motion is opposed. [Record Document 77].  For

the reasons stated herein, Plaintiffs' motion in Limine is **DENIED**.

## FACTUAL BACKGROUND

On May 29, 2008, Plaintiffs Brian and Janice Williams filed a lawsuit in the Twenty-

Sixth Judicial District Court, Bossier Parish, Louisiana, asserting claims for injuries

allegedly sustained by Mrs. Williams during an automobile collision in October 2007.

[Record Document 1, Ex. 1].  Plaintiffs' complaint states that Mrs. Williams has suffered,

among other injuries, "severe pain, including but not limited to the neck, which will require

surgery to correct. . . ." Id. at ¶ 11.  Defendants removed the action to the Western District

of Louisiana, Shreveport Division.  [Record Document 1].

## LAW AND ANALYSIS

The Plaintiffs "move to exclude any use of, or reference in front of the jury to, the

alleged statement of Carisa Taylor [the only eyewitness to the automobile accident in

question] surreptitiously recorded by defense counsel Brendan Doherty." [Record

Document 76 at 1].  "At the outset, defendant notes that it will not seek admission of the

statement in evidence, but will instead only use the statement if needed for impeachment

purposes." [Record Document 77 at 5].

According to the Plaintiffs:

> Carisa Taylor denied at her deposition that plaintiffs ever made any improper attempts to influence Ms. Taylor's testimony, and the only evidence to the contrary is from the alleged conversation between Brendan Doherty and Ms. Taylor.
>
> Defendants' use of the surreptitiously recorded conversation allegedly between Ms. Taylor and Mr. Doherty would effectively place Mr. Doherty as a witness, which is not permissible for counsel also participating in the trial as advocate, and would deprive plaintiff of the opportunity to cross-examine the other party in the conversation.

[Record Document 76 at 2].

From this Court's research, the fact that defense counsel participated in the

surreptitiously recorded conversation is a red-herring and not determinative.  The Court has

found a Fifth Circuit case upholding a trial court's admission of a similarly recorded

conversation between a witness and defense counsel.  See Sartin v. Wal-Mart Stores, Inc.,

207 F.3d 658 (5th 2000).  According to that panel:

> Wal-Mart contends that the district court was biased because, while denying it the use of its videotape, *the court allowed Sartin to use undisclosed audio tape recordings of an interview between Sartin's lawyer and a defense witness to impeach the witness.* Under Chiasson v. Zapata Gulf Marine Corp., 988 F.2d 513, 517 (5th Cir.1993), however, these two recordings are distinguishable. Chiasson held that videotapes similar to Wal-Mart's had value as substantive evidence as well as for impeachment. Wal-Mart's videotape does as well. It is probative as to actual harm to Sartin and the effect on her

> quality of life as a result of her slip and fall. *The tape recordings by Sartin's lawyer, however, had no substantive value: the impeaching statement concerned the clarity of the witness's memory, not the specific events surrounding the accident. Thus, since* the audio tapes were solely for impeachment, they did not need to be disclosed.

Id. at *2 (emphasis added).  In that instance, the Defense attorney recorded the interview with the witness and the Fifth Circuit made no issue of that.  The Court finds that instructive.  While it may have been better practice for Doherty to have hired a private investigator, the Court finds no harm or breach of ethics on the showing made.

The true issue for this Court to wrestle with is whether the proposed testimony is impeachment evidence or substantive evidence.  According to the Fifth Circuit in Chiasson v. Zapata Gulf Marine Corp.:

> Substantive evidence is that which is offered to establish the truth of a matter to be determined by the trier of fact. See, John P. Frank, Pretrial Conferences and Discovery-Disclosure or Surprise?, 1965 Ins.Law J. 661, 664 (1965).
> . . .
> Impeachment evidence, on the other hand, is that which is offered to "discredit a witness ... to reduce the effectiveness of [her] testimony by bringing forth evidence which explains why the jury should not put faith in [her] or [her] testimony." Frank, supra, at 664.

988 F.2d 513, 517 (5th Cir.1993).

The Court has reviewed the transcript of the conversation between Doherty and Taylor and finds that the proffered conversation if used merely goes to discredit and reduce

the effectiveness of Taylor's proposed testimony.  Therefore, the Court finds this evidence

to be impeachment only, not substantive.[1]

For the reasons above,

**IT IS ORDERED** that the foregoing Motion in Limine [Record Documents 76] be and

is hereby **DENIED.**  Defendants may use the surreptitiously recorded conversation of

Carisa Taylor solely for the purpose of impeachment.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this 8th day of June, 2011.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE

---

[1] While this Court has found the proffered evidence to be proper impeachment evidence, it has not ruled on whether the whole conversation would be admissible under FED. R. EVID. 403's balancing test.