UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| JANICE WILLIAMS, ET AL | CIVIL ACTION NO. 5:08-cv-0772 |
| VERSUS | JUDGE MAURICE HICKS, JR. |
| DAVID GAITSCH, ET AL | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Before this Court is a Motion in Limine [Record Document 99]. For the reasons stated herein, Plaintiffs' Motion in Limine is **DENIED**, in part, **DEFERRED** in part. Further, the Court grants Plaintiffs **LEAVE TO AMEND** their witness list to add Dr. Gordon Mead or add Dr. Mead's report to Plaintiffs exhibit list.

## FACTUAL BACKGROUND

On May 29, 2008, Plaintiffs Brian and Janice Williams filed a lawsuit in the Twenty-Sixth District Court, Bossier Parish, Louisiana, asserting claims for injuries allegedly sustained by Mrs. Williams during an automobile collision in October 2007. [Record Document 1, Ex. 1]. Plaintiffs' complaint states that Mrs. Williams has suffered, among other injuries, "severe pain, including but not limited to the neck, which will require surgery to correct..." Id. at ¶ 11. Defendants removed the action to the Western District of Louisiana, Shreveport Division. [Record Document 1].

**LAW AND ANALYSIS**

The Plaintiffs move to have portions of Defendants' Exhibits 6, 9 and 10 excluded, and "either give the jury an adverse instruction as to the defendants' failure to call Dr. Mead or allow the plaintiffs to call Dr. Mead on cross-examination or use his report in lieu of his testimony." [Record Document 99 at 3-4].

Plaintiff's contend that Defendants' Exhibit 6 should be excluded under the collateral source doctrine or under Federal Rule of Evidence 403. Exhibit 6 contains correspondence between the office of Dr. Ramos and the office of plaintiff's counsel concerning the financial arrangements for payment of treatments. While the collateral source doctrine prohibits evidence which allows the jury to know if a victim's damages are financially covered another way, Defendants state in their opposition that they "do not intend to proffer the correspondence between plaintiffs' counsel and Dr. Ramos." Further, they "do not seek to discuss payment information in front of the jury." [Record Document 101 at 2]. Therefore, Plaintiffs motion under the collateral source doctrine is denied.  The Court defers ruling on Plaintiffs' 403 argument until trial so as to allow the evidence to develop a more clear picture of what is relevant or prejudicial.

The Plaintiffs also move to exclude Defendant's Exhibit 9 based on both hearsay and Federal Rule of Evidence 901.  The Court agrees with the Defendants' argument that "because Janice Williams is a party-opponent, her statement to the insurance adjuster is not hearsay" under Federal Rules of Evidence 801(d). [Record 101 at 3]. Federal Rule of Evidence 901 (a) provides that "[t]he requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed. R.

Evid. 901 (a). "Rule 901 is satisfied if sufficient proof has been introduced sothat a reasonable juror could find in favor of authenticity or identification." United States v.Arce, 997 F.2d 1123, 1128 (5th Cir. 1993). Plaintiffs' objection is premature due to Defendants' ability to authenticate at trial. However, Plaintiffs should renew their objection under 901(a) if authentication is not established at trial. For the above reasons, Plaintiffs' motion as to Exhibit 9 is denied.

The Plaintiffs next address the "amalgam" of exhibits in Exhibit 10. The Court addressed the "purported transcript of a telephone conversation between defense counsel and an eyewitness, Carisa Taylor" in a previous ruling by the Court, and reiterates that ruling the recorded statement is admissible for impeachment purposes only. (Doc. 89). At this time, the Court agrees that the Plaintiffs' request to exclude the corresponding transcript is premature.

The Plaintiffs' final motion in this Motion in Limine is that an adverse inference should be given to the jury because Dr. Gordon Mead was removed from the Defendants' witness list. If a party to litigation has control over a witness so as to make that witness "peculiarly within [the party's] power to produce," failure to produce that witness will lead to an adverse presumption that the uncalled witness' testimony would have been harmful to the controlling party. Hebert v. Wal-Mart Stores, Inc., 911 F.2d 1044 (5th Cir. 1990). Dr. Mead, Defendants' consulting physician, was subject to subpoena power from either party in this action. Therefore Plaintiffs have failed to show how Defendants had a peculiar power to produce this witness. Plaintiffs should have listed Dr. Mean on their own witness list and failure to do so cannot be cured by seeking this type of presumption. However, Defendants state they have no objection to allowing

Plaintiffs to add this witness or using his report in lieu of testimony. [Record Document 101 at 5]. Therefore, by consent of the parties, the Court grants leave to allow Dr. Mead to be added to Plaintiffs' witness list and/or add his report to Plaintiffs' exhibit list.

For the reasons stated above,

**IT IS ORDERED** that the foregoing Motion in Limine [Record 99] be and is hereby **DENIED** in part and **DEFERRED** in part. If the Defendants fail to establish the foundation required for admissibility during trial, the Court is willing to readdress the evidentiary issues at the reurging of the Plaintiffs. Further, the Court grants Plaintiffs **LEAVE TO AMEND** their witness list to add Dr. Gordon Mead and/or add Dr. Mead's report to Plaintiffs' exhibit list.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this 30th day of August, 2011.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE